

*United States Department of Justice*

United States Attorney
Southern District of West Virginia

---

United States Courthouse          304-253-6722
110 North Heber Street            FAX: 304-253-9206
Room 261
Beckley, WV 25801

November 6, 2013

Lex A. Coleman, AFPD
Federal Public Defender's Office
300 Virginia Street East
Room 3400
Charleston, WV 25301

      Re:  United States v. Cayla Lindsay
           Criminal No. 5:13-00252 (USDC SDWV)

Dear Mr. Coleman:

    This will confirm our conversations with regard to your client, Cayla Lindsay (hereinafter "Ms. Lindsay"). As a result of these conversations, it is agreed by and between the United States and Ms. Lindsay as follows:

    1.  **PENDING CHARGES**. Ms. Lindsay is charged in a three-count indictment, each count of which charges Ms. Lindsay with a violation of 21 U.S.C. § 841(a)(1) (distribution of a quantity of oxycodone).

    2.  **RESOLUTION OF CHARGES**. Ms. Lindsay will plead guilty to Count Three of said indictment, which charges her with a violation of 21 U.S.C. § 841(a)(1). Following final disposition, the United States will move the Court to dismiss Counts One and Two in Criminal No. 5:13-00252 as to Ms. Lindsay.

    3.  **MAXIMUM POTENTIAL PENALTY**. The maximum penalty to which Ms. Lindsay will be exposed by virtue of this guilty plea is as follows:

                                                             Defendant's
                                                             Initials

Lex A. Coleman
November 6, 2013                                    Re: Cayla Lindsay
Page 2

    (a)    Imprisonment for a period of up to 20 years;

    (b)    A fine of $1,000,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of at least 3 years;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

    (e)    Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Ms. Lindsay for a period of 5 years; and

    (f)    Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

    4.    **SPECIAL ASSESSMENT.** Ms. Lindsay has submitted certified financial statements to the United States reflecting that she is without sufficient funds to pay the special assessment due upon conviction in this case. Ms. Lindsay agrees that, if incarcerated, she will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.    **PAYMENT OF MONETARY PENALTIES.** Ms. Lindsay agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Ms. Lindsay further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    6.    **COOPERATION.** Ms. Lindsay will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed,

                                                                            Defendant's
                                                                           Initials

Lex A. Coleman
November 6, 2013                        Re: Cayla Lindsay
Page 3

sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Ms. Lindsay may have counsel present except when appearing before a grand jury.

     7. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Ms. Lindsay, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by Ms. Lindsay pursuant to this agreement, or any evidence developed therefrom, will be used against Ms. Lindsay, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

     8. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Ms. Lindsay for any violations of federal or state laws. The United States reserves the right to prosecute Ms. Lindsay for perjury or false statement if such a situation should occur pursuant to this agreement.

     9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Ms. Lindsay stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

     Ms. Lindsay agrees that if she withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Ms. Lindsay, and she is subsequently tried on any of the charges in the indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Ms. Lindsay or of any of her witnesses, or in rebuttal of any testimony introduced by Ms. Lindsay or on her behalf. Ms. Lindsay knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right she has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of

_____<br>Defendant's<br>Initials

Lex A. Coleman  
November 6, 2013                             Re: Cayla Lindsay  
Page 4

the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Ms. Lindsay understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

10. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** The parties reserve the right to appeal the District Court's determination of the adjusted offense level under the United States Sentencing Guidelines, if an objection is properly preserved. Nonetheless, Ms. Lindsay knowingly and voluntarily waives her right to seek appellate review of her conviction and of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range associated with the adjusted offense level determined by the Court, prior to any consideration of acceptance of responsibility or any departure or variance. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range associated with the adjusted offense level determined by the Court, prior to any consideration of acceptance of responsibility or any departure or variance.

Ms. Lindsay also knowingly and voluntarily waives the right to challenge her guilty plea and her conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

Defendant's<br>Initials

Lex A. Coleman
November 6, 2013                             Re: Cayla Lindsay
Page 5

    11. **WAIVER OF FOIA AND PRIVACY RIGHT.** Ms. Lindsay knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    12. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a) Inform the Probation Office and the Court of all relevant facts and conduct;

    (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c) Respond to questions raised by the Court;

    (d) Correct inaccuracies or inadequacies in the presentence report;

    (e) Respond to statements made to the Court by or on behalf of Ms. Lindsay;

    (f) Advise the Court concerning the nature and extent of Ms. Lindsay's cooperation; and

    (g) Address the Court regarding the issue of Ms. Lindsay's acceptance of responsibility.

    13. **VOIDING OF AGREEMENT.** If either the United States or Ms. Lindsay violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

_____
Defendant's Initials

Lex A. Coleman
November 6, 2013                                          Re: Cayla Lindsay
Page 6

    14. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Ms. Lindsay in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Ms. Lindsay in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                           R. BOOTH GOODWIN II
                           United States Attorney

          By: _____
                MILLER BUSHONG
                Assistant United States Attorney

MAB/tc

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this six-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____        11-22-13
CAYLA LINDSAY                          Date Signed
Defendant

_____        22 November '13
LEX A. COLEMAN                         Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**UNITED STATES OF AMERICA**

v.                                                    CRIMINAL NO. 5:13-00252

**CAYLA LINDSAY**

### STIPULATION OF FACTS

The United States and Cayla Lindsay stipulate and agree that the facts comprising the offense of conviction (Count Three in the Indictment in the Southern District of West Virginia, Criminal No. 5:13-00252), include the following:

1. On or about April 19, 2013, at or near Beckley, Raleigh County, West Virginia, and within the Southern District of West Virginia, Cayla Lindsay distributed a quantity of oxycodone to a CI working with law enforcement officers.

Stipulated and agreed to:

_____                    11/22/13
CAYLA LINDSAY                                Date
Defendant

_____                    22 Nov '13
LEX A. COLEMAN                               Date
Counsel for Defendant

_____                    12-1-13
MILLER BUSHONG                               Date
Assistant United States Attorney

                                             _____
                                             Defendant's
                                             Initials

PLEA AGREEMENT EXHIBIT A